MORRIS GREENSPUN V. MAX GREENSPUN.

No. A-960. Decided November 6, 1946.
Rehearing overruled December 31, 1946.
(198 S. W., 2d Series, 82.)

*R. V. Nichols,* of Fort Worth, and *Blakely & Armstrong* and *James H. Walker,* all of Dallas, for petitioner, Morris Greenspun.

Respondent's (Max Greenspun) cause of action was barred by limitation and the court of civil appeals erred in not so holding. Griffin v. Linn, 3 S. W. (2d) 148; Bass v. James, 83 Texas 110, 18 S. W. 336; McIlhenny v. Binz, 13 S. W. 655.

*Walter B. Scott* and *Joe F. Orr,* and *H. S. Lattimore,* all of Fort Worth, for respondent, Max Greenspun.

On question of limitation: Yeaman v. Galveston City Co., 106 Texas 389, 167 S. W. 710; Atkins v. Dodds, 121 S. W. (2d) 1010; Strange v. Houston & T. C. Ry. Co., 53 Texas 162.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

This is a suit by Max Greenspun against his brother, Morris Greenspun, and others to establish the ownership in Max of 500 shares of the capital stock of a dissolved corporation bearing the name of Parker Browne Company, of which Morris was president, and to recover a proportionate part of the value of the corporation's assets, alleged to have been converted by Morris, a proportionate part of the rentals paid to Morris during the life of the corporation for the use of liquid carbonic gas cylinders, and also a proportionate part of money claimed to have been wrongfully withdrawn from the corporation's treasury by Morris. The trial court rendered judgment in favor of Max establishing his ownership of 500 shares of the outstanding stock of the corporation and a money judgment against Morris for approximately $191,000.00. That judgment was reversed by the Court of Civil Appeals. As to the item of recovery for rentals on cylinders judgment was rendered that Max take nothing and as to the other items the case was remanded generally to the trial court. 194 S. W. (2d) 134.

We have concluded that the Court of Civil Appeals has correctly decided every question presented in this case, but because we base our holding on one of the questions on a different ground from that upon which it based its holding, we shall write briefly on the case.

■ The basic question for decision and the one to be determined before the others can be reached is whether or not there is any evidence in the record supporting the verdict and the judgment thereon establishing ownership in Max of the 500 shares of stock. The evidence relating to this question is accurately summarized by the Court of Civil Appeals and no reason is perceived why we should restate it here. In our opinion it clearly constitutes some evidence of ownership in Max.

■ Another principle point presented by Morris in his application, and one which goes to the entire cause of action, is that his motion for an instructed verdict should have been granted because the cause of action alleged by Max was barred by limitation. That is the point upon which the application of Morris for writ of error was granted. At the time of granting same

we were tentatively of the view that the point should be sustained. Our views were based in large part upon these facts: Morris caused the corporation to be dissolved on December 27, 1941. This suit was filed August 7, 1944. In May 1941, Morris had a written instrument prepared to be executed by Max releasing all claims of whatever nature which he had against Morris or the corporation. That instrument disclosed on its face that all of the claims of Max were denied by Morris and by the corporation. Max read the release but declined to execute it. We assumed that the applicable period of limitation was two years and, upon that assumption, we granted the writ to decide the question of whether, as a matter of law, the period of limitation began to run as of May 1941. It now appears to be unnecessary to decide that question, for we find that it has been definitely determined by this court that in an action, like the instant one, by a stockholder of a corporation to enforce his rights as such stockholder and have an accounting, the period of limitation is four years. Yeaman v. Galveston City Co., 106 Texas 389, 167 S. W. 710. On the question of limitation that case cannot be distinguished from the instant one, and it is therefore controlling. The conclusion follows that, even if Max were put on knowledge of sufficient facts to start the running of limitation in May 1941, his cause of action was not barred when this suit was filed in August 1944. There is nothing in the record which would justify a holding that, as a matter of law, limitation was set in motion at an earlier date. The point presenting the defense of limitation is overruled.

■ In the trial court judgment was rendered in favor of Max against Morris upon three claims. As noted above, the Court of Civil Appeals reversed the trial court's judgment in so far as it awarded Max a recovery on each of these claims, rendering judgment as to his claim for cylinder rentals and remanding same as to the other two claims. An application for writ of error was filed by Max challenging the holdings of the Court of Civil Appeals with reference to each of these items of recovery. His application was granted because of the granting of the application filed by Morris. It would add nothing to the value of this opinion to detail the facts with reference to the rentals of these cylinders. Those facts have been carefully summarized in the opinion of the Court of Civil Appeals, particularly under point ten of the syllabus. A consideration thereof leads to the conclusion announced by the Court of Civil Appeals that under elementary principles Max is in no position to complain of the sale of the cylinders to Morris or of the payment of rentals

thereon. The transactions with reference to the purchase of the cylinders by Morris from the corporation were had before Max acquired any stock in the corporation and at a time when he was general manager thereof upon a salary and had full knowledge of such transactions. The sale was not absolutely void and Max has no cause of action to rescind same. That portion of the judgment of the Court of Civil Appeals which rendered judgment in favor of Morris on this phase of the case will be affirmed.

■ Another claim upon which the trial court awarded Max a substantial recovery was for his proportionate value of the assets of the dissolved corporation. The Court of Civil Appeals recognized that, as an incident of his ownership of the stock, Max had a valid claim to his proportionate part of the assets upon its dissolution, but held that his evidence wholly failed to support the finding of the jury as to the value thereof. Another claim upon which Max recovered judgment in the trial court was for alleged excessive withdrawals by Morris from the corporation over a long period of time. The Court of Civil Appeals made a like holding upon this claim to that with reference to the value of the assets, namely, that upon proper proof Max would be entitled to recover his proportionate part of such withdrawals, but that his evidence would not support the jury's findings as to the amount thereof. We dispose of these two holdings of the Court of Civil Appeals as of other holdings by merely referring to its opinion. That opinion clearly discloses that there is no legal and competent evidence to support the findings of the jury either as to the value of the assets or as to the amount of the excessive withdrawals. Our study of the record leads us to the same conclusion.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 6, 1946.

Rehearing overruled December 31, 1946.