**KANSAS CITY TITLE INS. CO.**

v.

**BUTLER et al.**

No. 10195.

Court of Civil Appeals of Texas.

Austin.

Feb. 3, 1954.

Rehearing Denied Feb. 24, 1954.

F. L. Kuykendall, Austin, for appellant.

John Ben Shepperd, Atty. Gen., W. V. Geppert, L. P. Lollar, Asst. Attys. Gen., for appellee.

HUGHES, Justice.

Kansas City Title Insurance Company, a Missouri corporation, appellant, sued the Board of Insurance Commissioners, the Attorney General and Treasurer of the State of Texas to recover $36,413.76, plus accrued interest, being gross receipts taxes for 1951, which appellant had paid into the State Treasury under protest.

There is no dispute as to the material facts which are either stipulated or established by unimpeached documents, but there is dispute as to the legal deductions and conclusions to be drawn therefrom, including the issue of fraud. This issue is presented by appellees on the ground that appellant has purposely manipulated its affairs so as to avoid the payment of taxes and that this constitutes fraud. We express no opinion upon this feature of the case because we have determined that appellant has not made authorized investments in Texas securities sufficient to entitle it to the tax rate for which it contends.

The taxing statute involved is Art. 7064, Vernon's Ann.Civ.St.

Appellant contends that its tax under this Article should be 1.1% of its gross receipts for the reason that it had invested in admissible Texas securities on December 31, 1951, more than 90% as much as it had invested in Missouri, the State in which it had on such date its highest percentage of admitted assets invested.

In order to be successful in this contention it is necessary for appellant to show that $560,000 which it has invested in the capital stock of the Title Building Company, a Texas corporation, chartered December 22, 1948, is invested in an admissible Texas security.

The same question was presented but not decided in our Kansas City Title Ins. Co. v. Butler, Tex.Civ.App., 253 S.W.2d 318, writ ref. N.R.E.

For the purposes of the Act Texas securities are defined by Art. 7064. It is conceded by the parties that none of the

securities specifically mentioned in the statute are applicable and that if the capital stock in which appellant has invested is admissible then it must come within this general definition in the Act:

"* * * in any other property in this State in which by law such insurance carriers may invest their funds."

"Such insurance carriers" means those covered by the Act and includes title insurance companies.

When search is made of our statutes we find, other than as authorized by Art. 7064 and Art. 9.02, Insurance Code, V.A.T.S., authorizing investment in abstract plants, only two instances in which title insurance company investments are regulated.

Art. 9.07 of the Insurance Code requires title insurance companies to maintain a deposit with the State Treasury in a stated amount but not to exceed $100,000, which deposit may be maintained in "other securities as are now admissible for investment by life insurance companies under the laws of this State".

Art. 9.11 of the Insurance Code requires each title insurance company to annually set aside a reserve of 5% of its collected gross premiums which "shall never be required to exceed a total reserve of One Hundred Thousand ($100,000.00) Dollars" and which "shall be invested in such securities as are admissible for investment by life insurance companies under the laws of this State."

Whether either of these statutes, or both of them combined, authorize an investment of $560,000 in securities as are admissible for investment by life insurance companies we need not determine because when we examine the statutes with reference to investments by life insurance companies we find that no investment may be made by such companies in the capital stock of a private corporation unless such corporation is solvent, has been in existence for five years next preceding such investment and has not defaulted in the payment of a debt during such time.[1]   Sec. 4, Art. 3.39, Insurance Code.

The Title Building Company not having been in existence five years when appellant invested in its stock such stock was not admissible as an investment for life insurance companies and hence could not have been admissible as an investment by title insurance companies under Arts. 9.07 or 9.11, supra.

Appellant points to Sec. 3, Art. 9.01 of the Insurance Code which authorizes title corporations to "accumulate and lend money, to purchase, sell or deal in notes, bonds and securities, but without banking privileges" if permitted by its charter and to its charter which provides that it may "purchase, hold, sell, assign, transfer and otherwise hold and possess and otherwise dispose of any securities authorized or permitted by law to be purchased and held by title insurance companies."

We do not believe that these references add to the stature of appellant's claim.

The charter provision no doubt referred to the laws of Missouri which were not pleaded nor as to which judicial knowledge was invoked under Rule 184a, Texas Rules of Civil Procedure.   Consequently we presume the law of that State to be the same as ours.   Milner v. Schaefer, Tex.Civ. App., San Antonio, 211 S.W.2d 600, writ ref.

We do not consider Sec. 3 of Art. 9.01, supra, as authorizing a title company to make investments for tax reduction purposes contrary to the provisions of Art. 7064.   To give Section 3 the interpretation contended for by appellant and permit it to invest in "any security" would nullify the definition of Texas securities as made in Art. 7064.

There being no statute cited to or found by us authorizing appellant to invest in the capital stock of a corporation having no predecessor and which is less than five years old for the purpose of reducing its

1. Provision is made for a corporation which has succeeded another corporation.

tax rate under Art. 7064, we hold that such investment was inadmissible.

The judgment of the trial court is affirmed.

Affirmed.