**STATE BOARD OF INSURANCE et al.,**
**Appellants,**

**v.**

**SOUTHWEST GENERAL INSURANCE**
**COMPANY, Appellee.**

**No. 11375.**

Court of Civil Appeals of Texas.

Austin.

March 23, 1966.

Rehearing Denied April 13, 1966.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Paul

W. Phy, Ralph R. Rash, Asst. Attys. Gen., for appellants.

Kuykendall & Kuykendall, F. L. Kuykendall, Austin, for appellee.

PHILLIPS, Justice.

This is a suit for a declaratory judgment. The Southwest General Insurance Company, a Texas corporation engaged in the fire and casualty insurance business and the appellee here, brought suit against the State Board of Insurance, the State Treasurer and the Attorney General, hereinafter referred to as appellants, asking the court to declare that an investment in excess of one million dollars in shares of stock of a Delaware corporation constituted an investment in "Texas securities" as that term is used in Article 7064, Vernon's Ann.Civ.St. It further asked the court to declare that it was entitled to give effect to such investment in computing the amount of gross receipt taxes it owed the State for the years 1962 and 1963. Both parties filed motions for summary judgment. Appellee prevailed and judgment was rendered against appellants for said taxes, paid under protest, in the sum of $16,223.09, plus interest and costs.

We reverse the judgment of the trial court and render judgment for appellants.

Appellants are before this Court with eighteen points of error, however, inasmuch as we sustain their first two, we need not discuss the others. Appellants' first two points of error are that of the trial court in overruling appellants' cross motion for summary judgment on the ground that the record showed as a matter of law that appellee had invested, not in Texas securities, but rather in Delaware securities, which could not be considered as a tax reducing investment under Article 7064, V.C.S.; the error of the court in granting appellee's motion for summary judgment, there being no showing that appellee had invested in "property in this State."

There is no dispute as to the facts of this case. Appellee is a Texas insurance company which had purchased 81,780 shares of stock in a Delaware corporation called the San Antonio Corporation at a cost in excess of one million dollars.

Article 7064, V.C.S., imposes a gross receipts tax on insurance companies such as appellee, however, a graduated reduction in taxes is allowed under certain circumstances, not necessary to this opinion, proportioned on its investment in Texas securities. Article 7064 defines Texas securities as follows:

"For the purposes of this Act, Texas securities are defined as real estate in this State; bonds of the State of Texas; bonds or interest bearing warrants of any county, city, town, school district or any municipality or subdivision thereof which is now or may hereafter be constituted or organized and authorized to issue bonds or warrants under the Constitution and laws of this State; notes or bonds secured by mortgage or trust deed on property in this State insured by the Federal Housing Administrator; the cash deposits in regularly established national or state banks or trust companies in this State on the basis of average monthly balances throughout the calendar year; that percentage of such insurance company's investments in the bonds of the United States of America, that its Texas reserves for the unearned premiums and loss reserves as may be required by the Board of Insurance Commissioners, are of its total reserves; but this provision shall apply only to United States Government bonds purchased between December 8, 1941, and the termination of the war in which the United States is now engaged; *in any other property in this State in which by law such insurance carriers may invest their funds."* (Emphasis added.)

The controversy here centers around the italicized clause.

It is undisputed that the San Antonio Corporation is a Delaware corporation, its principal office and place of business is in Dallas; that it has paid dividends continuously with the exception of one year 1943–44, from 1942 to the present year; that it has paid over four million dollars in dividends during this time; that all of the property and assets of the San Antonio Corporation, except a small bank account, are physically located in Texas; that at all times since purchasing the stock in the San Antonio Corporation, appellee has physically kept the stock certificates in Texas.

Appellee contends that the "property" alluded to in the italicized portion of the statute set out above is defined by Article 2.10 of the Texas Insurance Code, V.A.T.S. which provides, in part, as follows:

"No company except any writing life, health and accident insurance, organized under the laws of this state, shall invest its funds over and above its minimum capital and its minimum surplus, as provided in Article 2.02, except as otherwise provided in this Code, in any other manner than as follows:

\* \* \*

5. In the stocks, bonds, debentures, bills of exchange or other commercial notes or bills and securities of any solvent dividend paying corporation at time of purchase, incorporated under the laws of this state, or of any other State of the United States, or of the United States, which has not defaulted in the payment of any of its obligations for a period of five (5) years, immediately preceding the date of the investment; \* \* \* provided further:

(a) Any such insurance company may invest its funds over and above its minimum capital stock, its minimum surplus, and all reserves required by law, in the stocks, bonds or debentures of any solvent corporation organized under the laws of this state, or of any other State of the United States, or of the United States."

No prior decisions control the question presented here. Appellee's position was rejected by the State Board of Insurance as do we.

The definition of Texas securities in Article 7064 set out above, refers throughout to real estate in this State, bonds in this State, bonds or interest bearing warrants of counties, towns, cities, school districts or any municipality or subdivision thereof located in this State; notes or bonds secured by mortgage or trust deed on property in this State; cash deposits in national or state banks or trust companies in this State and certain bonds of the United States. Then we come to the clause in controversy.

Article 2.10 has no application here. This article refers to investments that companies may lawfully make. Here such investments are not limited to property located within the State such as the property delineated in Article 7064. Article 7064 describes property that may be used as the basis of a tax exemption. Any other construction would do violence to the purpose of this statute and certainly to the rule of ejusdem generis. This rule, used as an aid to statutory construction, is that where general words follow an enumeration of persons or things described by words of a specific and particular meaning, such general words are not to be construed in their widest or broadest meaning, but are to be held as applying only to the persons or things of the same general kind or class as those specifically mentioned. See 53 Tex.Jur.2d 221, Sec. 155 and the cases there cited.

■ Certificates of stock have been held not to be property. Stock certificates are not property but are only evidence of the interest of the stockholder in the corporation. Greenspun v. Greenspun, Tex.Civ. App., 194 S.W.2d 134, affirmed, 145 Tex. 374, 198 S.W.2d 82; Yeaman v. Galveston City Company, 106 Tex. 389, 167 S.W. 710.

■ The facts here also bring into application the rule that inasmuch as Article 7064 is a tax statute, any exemptions must

be clearly stated and are not to be extended by implication. See City of Longview v. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 S.W.2d 1112.

We reverse and render the judgment of the trial court in that appellee take nothing by its suit.

Reversed and rendered.