**PETROLEUM CASUALTY COMPANY,**
Appellant,

v.

**STATE BOARD OF INSURANCE et al.,**
Appellees.

No. 11657.

Court of Civil Appeals of Texas.

Austin.

March 5, 1969.

Rehearing Denied March 26, 1969.

Insurance and its members, the Commissioner of Insurance, the Attorney General and the State Treasurer, all of Texas, to recover an alleged overpayment of a tax on gross insurance premiums for 1965 which it paid under protest. The taxing statute is Art. 7064, Vernon's Ann.Tex.Civ. St. The facts are stipulated. The trial court rendered judgment that appellant take nothing by its suit.

Appellant calculated and paid its 1965 gross premium tax on the basis that certain U.S. treasury bills owned by it on December 31, 1965, were "Texas securities" as that term is defined in Art. 7064. These bills were issued and paid for in Texas; they were kept by appellant in Texas during all of the taxable year; by their terms these bills are payable to bearer by presentation to any Federal Reserve Bank.

Appellant is a Texas corporation with its principal office in Houston. Its legal and commercial domicile is in Texas.

The question presented is whether U.S. Treasury bills are "Texas securities" within the meaning of Art. 7064 entitling appellant to use them as a tax reducing investment under such statute. The pertinent portion of Art. 7064 provides:

> "For the purposes of this Act, Texas securities are defined as real estate in this State; bonds of the State of Texas; bonds or interest bearing warrants of any county, city, town, school district or any municipality or subdivision thereof which is now or may hereafter be constituted or organized and authorized to issue bonds or warrants under the Constitution and laws of this State; notes or bonds secured by mortgage or trust deed on property in this State insured by the Federal Housing Administrator; the cash deposits in regularly established national or state banks or trust companies in this State on the basis of average monthly balances throughout the calendar year; that percentage of such insurance company's investments in the bonds of the United States of America, that its

Frank L. Heard, Jr., Houston, McGinnis, Lochridge, Kilgore, Hunter & Wilson, Austin, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Staff Legal Asst. Atty. Gen., Sam Kelley, Ralph R. Rash, C. Fielding Early, Asst. Attys. Gen., for appellees.

HUGHES, Justice.

Petroleum Casualty Company, appellant, filed this suit against the State Board of

Texas reserves for the unearned premiums and loss reserves as may be required by the Board of Insurance Commissioners, are of its total reserves; but this provision shall apply only to United States Government bonds purchased between December 8, 1941, and the termination of the war in which the United States is now engaged; in any other property in this State in which by law such insurance carriers may invest their funds."

It is obvious that U.S. Treasury bills are not specifically mentioned in this statute. If they are to be included in the term "Texas securities" then resort must be made to the last clause in the quoted portion of Art. 7064, "in any other property in this State in which by law such insurance carriers may invest their funds."

Art. 2.08, Texas Insurance, Vol. 14, V.A.C.S., provides in part:

"The minimum capital stock and minimum surplus of any such insurance company, except any writing life, health and accident insurance shall, following incorporation and granting of certificate of authority, consist only of the following:

* * * * * *

3. Bonds or other evidences of indebtedness of the United States of America or any of its agencies when such obligations are guaranteed as to principal and interest by the United States of America; or"

Appellees do not contest the contention that Treasury bills are evidences of indebtedness of the United States of America and that they constitute property in which by law insurance carriers, such as appellant, may invest their funds. In fact, it was stipulated that U.S. Treasury bills were accepted and retained by the State Treasurer on behalf of and after approval by the Commissioner of Insurance as a security by appellant in accordance with Art. 8.05 of the Insurance Code, which authorizes the capital and minimum surplus of general casualty companies to be invested as provided in Art. 2.08 and all other funds to be invested as provided in Arts. 2.10 and 6.08 of the Insurance Code.

This would seem to end this case, however, appellees rely upon certain court decisions, legislative intent and departmental construction to refute the obvious. If there is any controlling court decision our work is finished. We will, therefore, examine first the authorities upon which appellees rely. They state that the decision of this Court in State Board of Insurance v. Southwest General Insurance Co., Tex.Civ. App., 401 S.W.2d 369, writ ref. n. r. e. (1966), is conclusive of the issues presented here.

There we held that certificates of stock evidencing ownership in a Delaware corporation were not "Texas securities" within the meaning of the "other property clause" of Art. 7064. The taxpayer relied upon that portion of Art. 2.10 of the Insurance Code which provided it could invest in the stock of another corporation under the terms stated in paragraph 5. We held that certificates of stock were not property but only evidences of the interest of a stockholder in the corporation. Regarding Art. 2.10 and Art. 7064 we said:

"Article 2.10 has no application here. This article refers to investments that companies may lawfully make. Here such investments are not limited to property located within the State such as the property delineated in Article 7064. Article 7064 describes property that may be used as the basis of a tax exemption. Any other construction would do violence to the purpose of this statute and certainly to the rule of ejusdem generis. This rule, used as an aid to statutory construction, is that where general words follow an enumeration of persons or things described by words of a specific and particular meaning, such general words are not to be construed in their widest or broadest meaning, but are to be held as applying only to the persons

or things of the same general kind or class as those specifically mentioned. See 53 Tex.Jur.2d 221, Sec. 155 and the cases there cited."

Since the "other property" clause of Art. 7064 requires such property to be located in this State and since we held that Certificates of stock were not property, our remarks regarding the rule of ejusdem generis were dicta. However, properly interpreted, those remarks accord with the principle of ejusdem generis. The Court there was not saying that real estate in Texas, bonds of this State, or of certain political subdivisions in this State, notes or bonds secured by mortgages on property in this State insured by the Federal Housing Administrator, cash on deposit in banks in this State or certain World War Two U.S. Bonds constituted a general kind or class of securities to which the rule of ejusdem generis could be applied. The common denominator which tied these securities together, except the war bonds, was, as the Court pointed out, "Property located within the State." Stocks in a Delaware Corporation were not property within this State and hence were not of the general class principally described in Art. 7064 and, under the rule of ejusdem generis were excluded as a "Texas security."

It is interesting to note that in Kansas City Title Ins. Co. v. Butler, Tex.Civ.App., 253 S.W.2d 318, writ ref. n. r. e. (1952), by this Court, appellant alleged error of the trial court in holding that its abstract plant [1] in Missouri was similar to "Texas securities" as defined in Art. 7064 against which appellant had to measure its securities located in Texas for tax purposes under such Article and appellant contended that under the rule of ejusdem generis an abstract plant could not be covered by the "other property" clause of Art. 7064 because it was not similar to any of the

other "securities" therein defined. We quote from appellant's brief in that case:

"Just what properties were meant by the legislature when it used the words in Art. 7064, 'in any other property in this State in which by law such insurance carriers may invest their funds?'

Under the 'ejusdem generis' rule the words 'any other property' means any other such like property; any other property in which people usually invest their funds expecting dividends, rentals or some form of income or profit. * *

What item of property specifically named as 'Texas security' even remotely could be compared with an abstract plant? NONE. The statute is dealing with securities—evidences of debt or property—out of which profits will be realized, and not property that is a part of the stock in trade of a business."

In answering this argument the then Attorney General stated, and we quote from his brief in that case:

"In brief, appellant would have the Court apply the rule of 'ejusdem generis' to everything except real estate. No case is cited by appellant. We have found none and submit that none can be found which adopts such piecemeal application of the rule of 'ejusdem generis.' Another reason why this rule is not applicable is that none of the other enumerated items in the definition of Texas securities could by any stretch of the imagination be considered similar to real estate.

Nor does similarity exist between other enumerated securities in the statutory definition. For example, there is no similarity between bonds of the State of Texas and average monthly bank balances. The rule of 'ejusdem generis' is merely a rule of construction as an aid in ascertaining Legislative intent. It has no application unless the specifically

1. The record in this case does not disclose whether the abstract plant was realty.

enumerated things are similar to each other, and is to be rejected where the plain purpose and intent of the Legislature would be hindered or defeated, and where the specific words of the statute signify subjects greatly differing from one another."

This Court held that an abstract plant, being property, in which by law a title insurance company may invest its funds and hence is a "Texas security" under the "other property" clause of Art. 7064 that an abstract plant in Missouri was a "similar security" within the meaning of Art. 7064. While the rule of ejusdem generis was not discussed by the court it is obvious that the rule was not applied because it could not be contended that an abstract plant could be classified with any of the specific "securities" mentioned in Art. 7064.[2]

The Court in that case was, no doubt, persuaded by the argument of the Attorney General therein which we quote:

"The Legislature recognized that in the operation and application of this taxing statute, Article 7064, V.C.S., by which, under certain circumstances, the taxpayer might reduce its tax rate by making investments in Texas securities it was absolutely essential that Texas securities be defined. There was, therefore, for the purpose of the Act, incorporated a definition of Texas securities. Appellant is not privileged and neither are we to add to or subtract from this definition. Neither will the Court feel privileged to do so. It is explicit and unambiguous. For example, the first item is real estate in this State. This means exactly what it says, and this Court knows what constitutes real estate in this State. It makes no difference whether it is improved or unimproved, city or urban property, or a mineral estate. But it must be located in this State. The other enumerated items in the definition of Texas securities are just as definite. No question could arise as to what constitutes bonds of the State of Texas; or bonds or interest bearing warrants of any city, county, town, school district, or any municipality or subdivision of this State; or notes or bonds secured by mortgages, or deeds of trust, on property in this State insured by the Federal Housing Administrator; average monthly bank deposits in State banks or trust companies in this State or bonds of the United States of America. Item 7[3] is just as definite where there is a statute authorizing such insurance carriers to invest their funds in other property in this State."

Appellees also cite Commercial Standard F & M Co. v. Commissioner of Insurance, Tex.Civ.App., 429 S.W.2d 930, n. w. h., by this Court (1968) as enforcing its argument relative to the application of the rule of ejusdem generis.[4] The holding of the Court there was that unsecured premium notes were not lawful investments for an insurance company under Art. 2.10 of the Insurance Code, hence they were not "Texas securities" under Art. 7064. This holding made discussion of the rule of ejusdem generis dictum. It should be noted that we did not there determine what the result of applying this rule would be.

We agree with the view of the Attorney General expressed in the Kansas City case, supra, that Art. 7064 is "explicit and un-

---

2. The statutes only were considered by this Court in Kansas City Title Insurance Company v. Butler, Tex.Civ.App., 265 S.W.2d 154, writ ref. n. r. e. (1954) where the "other property" clause of Art. 7064 was literally applied without resort to the rule of ejusdem generis.

3. This is the "other property" clause of Art. 7064.

4. Appellees make this statement in their brief: "The *ejusdem generis* rule must be followed in construing Article 7064, and the 'other property clause' must be construed to apply only to the same general kind or class of investments specifically enumerated in the statute;"

ambiguous," at least insofar as this case is concerned. There are no court decisions which, in our opinion, require a different conclusion.

■ Our specific holding is that U.S. Treasury bills, located in Texas, being evidences of indebtedness of the United States and being property in which by law insurance carriers, such as appellant, may invest their funds, are "Texas securities" within the meaning of the "other property" clause of Art. 7064.

Since this holding is based upon what we believe to be an unambiguous statute, consideration of administrative construction of this statute and the intention of the legislature in enacting it become irrelevant.

■■ We pause to add, however, that the contention of appellees that Art. 7064 was enacted solely for the benefit of the State of Texas to the exclusion of benefits to other states is not sound. This article defines as a Texas security World War Two bonds. These bonds, as well as Treasury bills, are not taxable by the State and hence are of no direct benefit to the State. This as well as Art. 3.34 of the Insurance Code demonstrates that the legislature is not always selfishly motivated for the State in enacting legislation. Article 3.34 defines investments in which a life insurance company may invest its funds and specifically names "treasury bills" of the United States as a "Texas security." The point is that the legislature can use any criterion it chooses in defining what is and what is not a "Texas security."

The judgment of the trial court is reversed and judgment is here rendered that appellant recover the sum of $10,445.38, paid under protest, together with interest thereon as provided by law and it is ordered that appellees perform the acts required of them by Art. 1.05, Title 122A, Taxation-General and Art. 7057b, V.A.C.S., to effect such payment.

Reversed and rendered.