**AMERICAN AUTOMOBILE INSURANCE COMPANY et al., Appellants,**

v.

**STATE BOARD OF INSURANCE et al., Appellees.**

**No. 12966.**

Court of Civil Appeals of Texas, Austin.

March 28, 1979.

Rehearing Denied April 18, 1979.

---

1. In that case the Supreme Court refused to consider U.S. Treasury bills as tax-reducing investments.

R. Vernon Coe, James D. Webb, III, Thompson, Coe, Cousins & Irons, Dallas, for appellants.

Mark White, Atty. Gen., Don W. Kothmann, Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

Appellants American Automobile Insurance Company and Associated Indemnity Corporation have paid under protest what they alleged to be excessive insurance premium taxes claimed by the State[1] under Tex.Rev.Civ.Stat.Ann. art. 7064 (1960). Appellants seek to recover, each in its own behalf, their protested payments together with the interest earned thereon during the period payment is held in suspense by the State Treasurer. The suit was brought pursuant to Article 1.05 of Chapter 1 of Title 122A of Tex.Rev.Civ.Stat.Ann. (1969) and also under Section (f) of Article 1.04 of the Texas Insurance Code (1963).

---

1. State Board of Insurance of Texas; the Commissioner of Insurance; the State Treasurer; and the Attorney General of Texas.

Appellants exhausted their administrative remedies under the Texas Insurance Code, and as all the orders of the State Board of Insurance were inimical to their position, appellants perfected their appeal to the district court. The case was heard by the court on motions for summary judgment filed by each of the appellees and the appellants. The trial court granted appellees' motion, denied appellants', and held that appellees are entitled to $251,959.40 taxes paid under protest by appellant Associated Indemnity Corporation, together with penalty thereon of $25,195.94 and that appellees are entitled to the $345,152.42 taxes paid under protest by appellant American Automobile Insurance Company, together with a penalty of $34,515.24.

The judgment of the trial court is reversed and judgment here rendered that appellants recover the taxes paid under protest.

Appellants are before us on four points of error; however, as we sustain points one and two, we do not reach the remaining points.

■ This is a companion case to *Commissioner of Insurance, et al. v. Allstate Insurance Company,* 579 S.W.2d 553, handed down this day by this Court. The opinion in that case answers, and sustains, for all practical purposes, appellants' first point of error here that the trial court erred in holding that the term "Texas securities" as defined in Article 7064, and therefore the term "similar securities," includes the capital stock of private corporations. The language of the Act establishes that it was the intention of the Legislature that such class of securities not be included by the omnibus clause of the statute.

■ Appellants' second point, which we also sustain, is the error of the trial court in failing to grant appellants' motion for summary judgment. The trial court held in effect that the term "Texas securities," as defined in Article 7064, includes unsecured and uninsured short-term notes of private corporations (commonly referred to as commercial paper) and first mortgage bonds not insured by the Federal Housing Administrator. In fact, the language of the Act establishes that it was the intention of the Legislature that such class of securities not be included.

The securities alleged to qualify as Texas securities are not specifically enumerated in Article 7064, as quoted in the companion case of *Allstate Insurance.* In order for appellees to prevail the securities must fall within the omnibus clause. We hold they do not.

■ This Court has held in two previous cases that the rule of *ejusdem generis* restricts qualifying securities to the same general class as those specifically mentioned in the Article. *Commercial Standard Fire and Marine Co. v. Commissioner of Insurance,* 429 S.W.2d 930 (Tex.Civ.App.1968, no writ); *State Board of Insurance v. Southwest General Insurance Co.,* 401 S.W.2d 369 (Tex.Civ.App.1966, writ ref'd n. r. e.). The securities involved in this case are not of the same general class. Especially is this evident as to first mortgage bonds not insured by the Federal Housing Administrator. Appellees' contention that these qualify as tax-reducing securities is in sharp contrast to the Legislature's specific enumeration in Article 7064 of ". . . notes or bonds secured by mortgage or trust deed on property in this state *insured* by the Federal Housing Administrator. . . ." (Emphasis added).

The rationale of the Texas Supreme Court in *State Board of Insurance v. Petroleum Casualty Co.,* 447 S.W.2d 666 (Tex. 1969), is also applicable. There the Court stated the property must be ". . . Texas property in the sense of having originated in the State *and* having *a direct and beneficial* relationship to the domestic economy of the State." *Id.* at 668 (Emphasis added). Such is not true with commercial paper.

The judgment of the trial court is reversed and judgment is here rendered that appellants recover the taxes paid under protest together with interest thereon.