

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00309-CV

IN THE MATTER OF THE MARRIAGE OF
KELCEY PINKERT AND JODY PINKERT

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2020 542067, Honorable J. Phillip Hays, Presiding

January 15, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

This appeal from a divorce proceeding arises from a marital property dispute over a 125-acre tract of rural land titled to Rightway Cattle Company, Inc (the company). Appellee Kelcey Pinkert (Wife) and Appellant Jody Pinkert (Husband) each claim interests in the company through divorce. Specifically, Wife contends that shares in the company issued during marriage created a community property interest in both the shares and the land. Husband argues the company and its assets remained his separate property, acquired before marriage. We affirm the dissolution of the marriage but reverse and

render judgment that their community estate possesses no interest in either the land or shares of stock in the company.

## Background

Wife filed for divorce in November 2020, and Husband filed a counter-petition. After a bench trial in early 2023, the court signed a final decree that July. The court filed findings of fact and conclusions of law at Husband's request; his motion for new trial was overruled by operation of law.[1]

The 125 acres of land at issue was formerly owned by Husband's father, Steve Pinkert. Evidence showed the company was created on May 7, 2008. According to the trial court's detailed findings of fact, at the company's organizational meeting that same day, Steve and Husband each received 50 shares of company stock. Six days later, Steve deeded the subject property to the company. Husband and Wife married on June 13, 2009.

The trial court's findings also traced the company's corporate status. In May 2010, its right to do business in Texas was terminated through tax forfeiture. The company regained its status in May 2012, after paying past due taxes. A second tax forfeiture occurred in February 2014, and the company remained inactive until June 2021. During this second forfeiture period, on June 19, 2014, the company issued certificates showing *500* shares (not 50) each to Steve and Husband.

---

[1] Based on the parties' joint motion, we abated the appeal from mid-December 2023 through mid-April 2024 while they attempted, unsuccessfully, to resolve their dispute.

The trial court concluded that 62.5 acres of the real property belonged to the community estate because the parties were married when the company dissolved. In its conclusions of law, the court reasoned that the company's failure to maintain corporate status from February 2014 to June 2021 meant the certificates that were issued to Husband in June 2014 were community property. The court ultimately divided ownership as follows: Steve Pinkert (50%), Jody Pinkert (25%), and Kelcey Pinkert (25%). The decree also awarded Wife $42,500 for her interest in improvements to the property, secured by an owelty lien against the land at 20402 FM 1730, Lubbock, Texas.

## Analysis

Husband presents two interrelated issues: whether the trial court erred in awarding Wife an interest in corporate property, and whether the company was his separate property. We will address these together.

When reviewing a divorce decree, we examine the property division under an abuse of discretion standard. *Swaab v. Swaab,* 282 S.W.3d 519, 524 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd w.o.j.). In family law cases, legal and factual sufficiency are not independent grounds for reversal but serve as relevant factors in assessing whether the trial court abused its discretion. *Gonzales v. Pounds,* No. 07-21-00088-CV, 2022 Tex. App. LEXIS 873, at *8 (Tex. App.—Amarillo Feb. 4, 2022, no pet.) (mem. op.).

To determine whether the trial court abused its discretion based on insufficient evidence, we examine whether the court: (1) had sufficient evidence to exercise that discretion and (2) erred in applying that discretion. *Gonzales,* 2022 Tex. App. LEXIS 873,

at *8–9.  We conduct the applicable sufficiency review for the first prong, then determine whether the trial court made a reasonable decision based on the evidence.  *Id*.  A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision.  *Id*.

Because this case required proof by clear and convincing evidence, we apply heightened standards of review for legal and factual sufficiency.  *Goyal v. Hora,* No. 03-19-00868-CV, 2021 Tex. App. LEXIS 4205, at *14 (Tex. App.—Austin May 27, 2021, no pet.) (mem. op.).[2]  Because a trial court's findings following a bench trial have the same force as jury answers, we review them under the same standards used to evaluate jury findings.  *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996).  Conclusions of law are reviewed de novo.  *Smith v. Smith,* 22 S.W.3d 140, 143–44 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Property owned before marriage or acquired by gift, devise, or descent during marriage is separate property.  *See* Tex. Fam. Code Ann. § 3.001.  All other property acquired during marriage is community property.  *See* Tex. Fam. Code Ann. § 3.002.  Property possessed during marriage is presumed to be community property.  Tex. Fam. Code Ann. § 3.003(a); *Pearson v. Fillingim,* 332 S.W.3d 361, 363 (Tex. 2011) (per curiam).  A party claiming separate property must rebut this presumption with clear and convincing evidence.  *Pearson,* 332 S.W.3d at 363.  Doubts are resolved in favor of the community

---

[2] Those standards are well settled and do not warrant restatement here.  *See In re Z.N*., 616 S.W.3d 133, 135–36 (Tex. App.—Amarillo 2020, no pet.) (stating legal and factual standards when burden of proof is clear and convincing).

estate,[3] although uncontroverted testimony of a party can rebut the community property presumption. *Bean v. Bean,* 658 S.W.3d 401, 417 (Tex. App.—Dallas 2022, pet. denied).

No Evidence of Corporate Dissolution

The record contains no evidence supporting a conclusion that the company dissolved during marriage, i.e., that it lost its corporate identity during marriage. The trial court's conclusion about dissolution appears to be based on one or both periods of tax forfeiture, implicitly treating the company as a terminated entity. However, under the Texas Business Organizations Code, a "terminated entity" means one whose existence has been terminated and not reinstated by Code provisions or forfeited under the Tax Code and the forfeiture not set aside. TEX. BUS. ORGS. CODE ANN. § 11.001(4). Non-payment of franchise taxes cannot involuntarily terminate a corporation under the Texas Business Organizations Code. TEX. BUS. ORGS. CODE ANN. § 11.251(b); TEX. TAX CODE ANN. § 171.313(a); *G Force Framing, LLC v. MacSouth Forest Prods., LLC,* No. 05-20-00835-CV, 2022 Tex. App. LEXIS 1213, at *15–16 (Tex. App.—Dallas Feb. 18, 2022, no pet.) (mem. op.). The company was therefore not a terminated entity under the Tax Code.

No Community Interest in the Company

Wife agrees with *G Force's* reasoning but contends Husband received *500* (not 50) shares of company stock during marriage. She argues he failed to present clear and convincing evidence rebutting the community property presumption for these shares.

---

[3] *See Sink v. Sink*, 364 S.W.3d 340, 345 (Tex. App.—Dallas 2012, no pet.).

Thus, even if the trial court erred about dissolution, she claims it correctly found the community owned an undivided one-half share of the stock.

We disagree with Wife. While stock certificates evidence ownership, actual ownership depends on all facts and circumstances of each case. *Dutcher v. Dutcher-Phipps Crane & Rigging, Inc.,* 510 S.W.3d 592, 596 (Tex. App.—El Paso 2016, pet. denied); *Greenspun v. Greenspun,* 194 S.W.2d 134, 137 (Tex. Civ. App.—Fort Worth)*, affirmed,* 145 Tex. 374, 198 S.W.2d 82 (1946) (explaining "certificates of stock are not in themselves property, but are only evidence of the interest of the stockholder in the corporation."). "When a corporation is funded with separate property, the corporation is separate property." *See Hunt v. Hunt,* 952 S.W.2d 564, 567 (Tex. App.—Eastland 1997, no pet.).

The minutes from the company's May 7, 2008 organizational meeting established its initial structure, authorizing 100 total shares with 50 shares each to Husband and his father. The company's May 30, 2014 meeting minutes reinforced this ownership structure, recording that "Jody and Steve both agree to keep shares as are" with "Steve owns 50% of Shares" and "Jody owns 50% of Shares." Yet on June 19, 2014, for reasons neither Husband nor Wife could explain, certificates representing 500 shares each were issued to Husband and his father.

No evidence shows consideration given for 500 shares. This matters because under Texas law, "Shares may not be issued until the consideration, determined in accordance with this subchapter, has been paid or delivered as required in connection with the authorization of the shares." TEX. BUS. ORGS. CODE ANN. § 21.157(b); *Irwin v.*

*Prestressed Structures, Inc.*, 442 S.W.2d 406, 408 (Tex. Civ. App.—Amarillo 1969, writ ref'd n.r.e.). Only "[w]hen consideration is paid or delivered: (1) the shares are considered to be issued; (2) the subscriber or other person entitled to receive the shares is a shareholder with respect to the shares; and (3) the shares are considered fully paid and nonassessable." TEX. BUS. ORGS. CODE ANN. § 21.157(b). *See also Meyer v. Meyer*, No. 05-14-00655-CV, 2016 Tex. App. LEXIS 1213, at *14–17 (Tex. App.—Dallas Feb. 4, 2016, pet. denied) (mem. op.) (finding husband did not pay for stock until after divorce and thus did not own the asset until after the divorce).

In other words, whether the certificate correctly reflected 50 or 500 shares, it is undisputed that Husband owned one-half of the company's stock before marriage and throughout marriage, with his father owning the other half. Issuance of certificates stating Husband owned 500 shares of stock instead of 50 was, legally speaking, a non-event given the evidence presented at trial. Issuance of 500 shares during marriage was supported by no evidence that additional property interests came into existence. Husband's ownership interest remained at 50% both before and during marriage. Therefore, 100% of his interest in the company was his separate property and not subject to division on divorce. The trial court erred in determining the community estate owned an interest in the company (or land the company owned). We sustain Husband's two issues and reverse and render judgment that the community estate of Husband and Wife did not possess or own an interest in the company or its land.

**Conclusion**

We reverse the trial court's judgment, and in relevant part render judgment that the community estate of Husband and Wife did not possess or own an interest in the land or the company. Because the trial court had no jurisdiction to affix a judicial lien to the company's real property—for securing Wife's $42,500 share of community improvements to the family residence—we likewise render judgment voiding that lien.[4]

Lawrence M. Doss
Justice

---

[4] Under Texas law, improvements to property can have homestead character even without ownership of the underlying land. *See Norris v. Thomas,* 215 S.W.3d 851, 854 (Tex. 2007). But, when homestead property is deeded to a corporation, the homestead character is lost even if the owners continue to live there. *Perry v. Dearing (In re Perry),* 345 F.3d 303, 309 (5th Cir. 2003). (applying Texas law).